AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Jamie Jakia Cofer, a/k/a "Anna Bell"<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  20-MJ-8273-DLB<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 24, 2019__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft |
| 18 U.S.C. § 1029(a)((2) | Use of Unauthorized Access Devices |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Adam Joseph Weisenstine, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __August 4, 2020__

_____
*Judge's signature*

City and state:   __WEST PALM BEACH, FLORIDA__     DAVE LEE BRANNON, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Adam Joseph Weisenstine, been duly sworn, depose and state:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since September 2019. I am currently assigned to the Economic Crimes Division of the West Palm Beach Office. I have received training and conducted investigations into financial crimes, to include money laundering, elder fraud, identity theft, access device fraud, and bank fraud. Moreover, I am federal law enforcement officer of the United States, who is empowered to conduct investigations and make arrests for offenses to include those enumerated in Title 18, United States Code, Sections 1028, 1028A, and 1029.

2. For five years prior to becoming an FBI Special Agent, I served as a commissioned officer in the United States Army. I have a Master's Degree in Business Administration (MBA) from Boise State University and a Bachelor of Arts in Finance from the University of St. Thomas (Minnesota).

3. The purpose of this affidavit is to show probable cause to believe Jamie Jakia Cofer, a/k/a "Anna Bell" (hereinafter "COFER") did knowingly and intentionally commit violations of Title 18, United States Code, Sections 1028A(a)(1) and 1029(a)(2), relating to identity theft, bank, check and credit card fraud. The facts set forth in this affidavit are based upon my personal knowledge; review of bank, business, employment and other records; information obtained from others involved in the investigation; and information provided by witnesses. The facts set forth herein do not constitute all the facts known in this matter, rather only those facts I believe are necessary to support a finding of probable cause.

## PROBABLE CAUSE

4.  From at least on or about January 24, 2019, through no earlier than the first quarter of 2020, COFER has worked as a home health aide (HHA) for senior citizens in the South Florida community. During the course of her employment, through at least two companies and as a private HHA, COFER has: stolen the personal identifying information (PII) of her elderly clients (to include: name, date of birth, Social Security number, bank account and credit card information); gained unauthorized access to the victims' bank and credit card accounts; added herself on victims' account(s); made unauthorized and fraudulent purchases and transactions using victims' accounts (to include credit cards and a money market account); used stolen PII to open unauthorized accounts and make fraudulent purchases; and stolen personal property (ie: iPhone and credit cards) of at least one other individual. The investigation has identified no less than five individuals who have been victimized by COFER, four of which are elderly residents.

5.  COFER used the unauthorized personal account information to commit crimes as early as February 2019, continuing until at least May 2020. For the purposes of this affidavit, COFER has made more than $15,000 in fraudulent purchases and transactions, using the unauthorized bank accounts and/or credit cards of five victims.

6.  Victim One resides at "Senior Community 1," in Palm Beach County, where she received care from COFER. COFER was employed through "Company A" (a company that provides home health care aides for "Senior Community 1" in Juno Beach, Florida) from on or about January 24, 2019 until her termination on or about February, 25, 2019.

7. On or about February 18, 2019, Victim One received a letter from American Express approving an additional card in the name of Jamie COFER on Victim One's account. Victim One never submitted this application or approved COFER to submit it on her behalf.

8. From on or about February 15, 2019 through on or about February 19, 2019, more than $272.00 in unauthorized purchases were made on Victim One's American Express account (ending in 1009), to include a $35.67 Delivery Dudes transaction. The purchase was made using an account with an email (icandyboutique24@icloud.com) and phone number (561) 654-9634 associated with Cofer. Following this suspected fraud, COFER was terminated by COMPANY A.

9. Two checks were also stolen from Victim One. On or about May 31, 2019, the first check, dated May 30, 2019, that had been stolen and drawn on Victim One's Iberia Bank account (ending in 9765) was deposited, via an ATM machine, into a PNC Bank account (ending in 4052) belonging to another individual (J.N.H.). The check was payable for cash in the amount of $4,200 (check number 648) and had the victim's forged signature. The bank declined to process the check.

10. On or about June 23, 2019, a second check, dated June 22, 2019, that had been stolen and drawn on Victim One's PNC Bank account (ending in 9978) was deposited, via an ATM machine, into J.N.H.'s PNC Bank account (ending in 4052). The check was payable for cash in the amount of $4,500 (check number 350) and contained the victim's forged signature.

11. J.N.H. was interviewed twice by law enforcement and gave different versions of how J.N.H. and COFER had come to know each other. In November 2019, J.N.H. refused to acknowledge COFER by name, but admitted to knowing her during their time working at "Senior

Community 1." On February 6, 2020, J.N.H. was interviewed a second time and denied knowing COFER from "Senior Community 1" but stated they had connected over Facebook.

12.     Further, during her interview with law enforcement on February 6, 2020, J.N.H. stated that COFER posted a message on Facebook inviting people to contact her about making extra money. J.N.H. messaged COFER to learn more. COFER asked to use J.N.H.'s bank account to make a deposit. J.N.H. gave COFER her debit card and PIN number for her PNC Bank account. Shortly after the first fraudulent check was deposited into J.N.H.'s account for $4,200, J.N.H. was contacted by COFER and given $2,150 in Publix money orders. J.N.H. claimed that she did not know where COFER had obtained the money that was deposited into her account, COFER did not return her debit card, and J.N.H. never utilized her PNC Bank account after receiving money from COFER.

13.     From April 2019 through her termination in November 2019, COFER was employed as a home health aide worker for "Company B." During her employment, COFER provided care for Victim Two at "Senior Community 2" in Boca Raton, Florida.

14.     On or about August 20, 2019, Victim Two/Victim Two's family was notified by Morgan Stanley Bank, N.A. that a check drawn from the victim's account was deposited into an unknown PNC Bank account. The investigation revealed that the check, dated August 13, 2019, that had been stolen and drawn on Victim Two's Morgan Stanley Smith Barney bank account was deposited into J.N.H.'s PNC Bank account (ending in 4052) on or about August 16, 2019. The check was payable for cash in the amount of $5,000, stated it was for a "Baby Shower," and contained the victim's forged signature.

15. Senior citizen Victim Three received home health aide care from COFER at his/her private residence in Boca Raton, Florida, through Company B, from on or about May 19, 2019 through November 2019. The investigation revealed that Victim Three's iTHINK Financial Credit Union bank account (formerly known as IBM Southeast Employees' Credit Union (IBMSECU)) was accessed to pay Lake Worth utility bills in the name of Jamie COFER (January 13, 2020 – $35.77; February 4, 2020 - $150.00; March 12, 2020 - $16.26; April 6, 2020 - $112.31; May 11, 2020 - $231.89). The investigation revealed that COFER set up her utility account on auto-pay, using Victim Three's account information. Further, using her phone number and "business" email, COFER set up paperless account notifications to prevent Victim Three from receiving any alerts or information via mail.

16. Additional financial records and information regarding other credit card accounts associated with Victim Three indicate that COFER assumed Victim Three's identity and used the accounts to make unauthorized purchases, to include the following:

a. On or about July 8, 2019, "Anna Bell" used Victim Three's credit card (ending in 6823) to make a $33.15 transaction for Freeprints (PlanetArt) products to be shipped to COFER's residence using COFER's email (jamiecofer1234@icloud.com). On or about July 15, 2019, a $6.56 Securus inmate call was made using L.D.'s credit card (ending in 6823), in connection with COFER's phone number (561) 344-2583. On or about August 22, 2019, a wig stand and mannequin head was purchased on Amazon for $46.66, using Victim Three's credit card (ending in 0618) and shipped to COFER's residence at 1120 12th Ave S, Apt. 1, Lake Worth, FL 33460. On or about August 7, 2019, September 6, 2019, and October 6, 2019, charges in the amounts of $43.85, $41.35, and $41.35, respectively, were made on Victim Three's credit card (ending in 0618) for Simple Mobile pre-paid phone service connected with COFER's phone number ((561)

344-2583) and email (icandyboutique24@icloud.com). On or about September 7, 2019 and September 22, 2019, Victim Three's card (ending in 0618) was used by "Anna Bell" to send money to an inmate (using Securus Technologies). On both dates, $47.95 in charges, were made in connection with COFER's phone number (561) 344-2583 and email (icandyboutique24@icloud.com).

  b. On or about October 12, 2019, a $155.00 charge was made using Victim Three's credit card (ending in 2652) to pay Florida Department of State fees associated with COFER's company ICANDY BOUTIQUE LLC. The payee assumed Victim Three's name and personal address, in connection with COFER's phone number (561) 344-2583 and email (icandyboutique24@icloud.com). On or about October 27, 2019, COFER filed a 2019 Florida LLC Reinstatement, listing the current place of business as 1120 12th Avenue S, Apt. 1, Lake Worth, FL 33460.

  c. On or about October 24, 2019, another one of Victim Three's credit cards (ending in 3113) was used to pay Simple Mobile $60.43 for an account connected to COFER's phone number (561) 344-2583 and email (icandyboutique24@icloud.com). The payee assumed Victim Three's name and personal address.

  d. During the course of this investigation, your affiant spoke with a Capital One representative and learned that on or about August 1, 2019, an application using Victim Three's name, date of birth and Social Security number, and COFER's address (1120 12th Ave S, Apt. 1, Lake Worth, FL 33460) and phone number (561) 344-2583, was processed for a Capital One account. Your affiant spoke with Victim Three who confirmed that she never opened the account, authorized COFER to do so on her behalf, or authorized COFER to use her PII. The Capital One

account was closed in April 2020. Thereafter, Capital One informed the affiant that the balance was $12,744.

      e.      On or about January 18, 2020, an unauthorized application was submitted on-line for a Discover credit card, using Victim Three's name, date of birth and Social Security number, and COFER's home address (1120 12th Ave S, Apt. 1, Lake Worth, FL 33460), phone number (561) 344-2583, and email (icandyboutique24@icloud.com). The card was used to make unauthorized transactions including a $325.82 transaction in the name of Jamie COFER, on or about January 22, 2020.

      17.      Victim Four is a "Condominium 4" employee.

      18.      On the morning of October 23, 2019, COFER was captured on building video cameras stealing Victim Four's cellular telephone (an iPhone 7 containing credit cards in the phone case), that was left on top of a mail courier box, and leaving the building. COFER was at Condominium 4 to provide care for an elderly resident (later identified as Victim Five).

      19.      Following the theft, a "Condominium 4" resident sent COFER text messages and a copy of the video surveillance, in an attempt to encourage COFER to return the phone and credit card(s). COFER claimed that the phone was left in the bushes. The phone was never recovered and unauthorized charges were made on two of the victim's credit cards.

      20.      In May of 2020, a witness reported to law enforcement that an unauthorized transaction had been made on elderly Victim Five's Bank of America account (ending in 9032). Bank records revealed that on or about May 5, 2020, Victim Five's account was used to pay a $30.80 State Farm bill in the name of Jamie COFER. Victim Five did not give COFER permission to use the account and/or make a transaction.

21. Your affiant has spoken with COFER's landlord and confirmed that she lives at 1120 12th Ave. S., Apt. 1, Lake Worth, Florida 33460. Although COFER's lease ran from May 1, 2019 through April 30, 2020, she continues to reside at the residence. COFER is currently facing eviction proceedings.

22. Based upon the foregoing facts, and my training and experience, I submit that there is probable cause to believe that Jamie Jakia COFER, a/k/a "Anna Bell," violated Title 18, United States Code Section 1028A(a)(1) (Aggravated Identity Theft) and Title 18, United States Code, Section 1029(a)(2) (Use of Unauthorized Access Devices) on the dates provided herein.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

ADAM JOSEPH WEISENSTINE
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Subscribed and sworn to by FaceTime
Pursuant to Fed. R. Crim. P. 4.1
this 4th day of AUGUST, 2020.

DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-MJ-8273-DLB

UNITED STATES OF AMERICA

v.

Jamie Jakia Cofer, a/k/a "Anna Bell,"

Defendant.
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   ___ Yes  ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   ___ Yes  ✓ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   ___ Yes  ✓ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY:  *Sarah J. Schall*
SARAH J. SCHALL
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5501805
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:     (786) 360-9896
Fax:    (561) 820-8777
Email:  sarah.schall@usdoj.gov

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** Jamie Jakia Cofer, a/k/a "Anna Bell"

**Case No:** 20-MJ-8273-DLB

**Criminal Complaint Charges:**

Title 18, United States Code, Section 1028(A)(a)(1) – Aggravated Identity Theft
* **Max. Penalty:** 2 years' imprisonment consecutive to any other term of imprisonment imposed; a fine of up to $250,000; and up to 1 year of supervised release

Title 18, United States Code, Section 1029(a)(2) - Use of Unauthorized Access Devices
* **Max. Penalty:** 10 years' imprisonment; a fine of up to $250,000; and up to 3 years of supervised release

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.